IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONYA YHELKA, JODI LUMLEY, ASHLEY SHIRLEY, | ) ) ) | |
| | ) | 2:20-CV-01630-CCW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CURT PEFFER, YMCA OF GREATER PITTSBURGH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim ("Motion") filed by Defendants Curt Peffer and YMCA of Greater Pittsburgh (collectively, "Defendants"). For the reasons that follow, Defendants' Motion will be GRANTED IN PART and DENIED IN PART.

### I.      Background

In their Complaint, Plaintiffs Tonya Yhelka, Jodi Lumley, and Ashley Shirley (collectively "Plaintiffs") allege that they were "the subject of discrimination for reporting unwarranted and abusive conduct by their direct supervisor, Defendant Curt Peffer, to the Board of Directors of the Defendant, YMCA of Greater Pittsburgh." ECF No. 1 at ¶ 1. According to the Complaint, Defendant Peffer's bullying and abusive behavior included racially bigoted and sexually explicit "jokes," stories and comments, directed both to Plaintiffs and other employees. *See, e.g., id.* at ¶¶ 16, 18, 20 & 27. Plaintiffs allege that they complained about Defendant Peffer's conduct to Defendant YMCA's HR department. *Id.* at ¶¶ 22 & 31. After submitting their complaints to HR, Plaintiffs claim that Defendant YMCA required that they each sign a "Last Chance Agreement" or be terminated from their jobs. *See, e.g., id.* at ¶¶ 76–77. After they signed the Last Chance Agreements, Plaintiffs allege that Defendant Peffer's abusive conduct increased, and Defendant

YMCA did nothing to curb Defendant Peffer's behavior.  *See, e.g., id.* at ¶¶ 83–89.  Plaintiffs claim

that as a result of Defendant Peffer's conduct, and Defendant YMCA's failure to remedy the

situation, they resigned and, as such, were constructively discharged from their jobs.  *See, e.g., id.*

at ¶¶ 69–71.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing

a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in

the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d.

Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion

to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."

*Id*.  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the

speculative level," *id*., and be "sufficient to state a claim for relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility

that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step

process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a
> claim."  Second, the court should identify allegations that, "because they are no
> more than conclusions, are not entitled to the assumption of truth."  Finally, "where
> there are well-pleaded factual allegations, a court should assume their veracity and
> then determine whether they plausibly give rise to an entitlement for relief."

*Burch v. Milberg Factors, Inc*., 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster

Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

2

A motion to strike under Rule 12(f), on the other hand, "permits the Court to strike from the pleadings 'any redundant, immaterial, impertinent, or scandalous matter.'" *Pennsylvania v. Thomas E. Proctor Heirs Trust*, Civil Action No. 1:12-CV-01567, 2017 U.S. Dist. LEXIS 128888, at *39 (M.D. Pa. Aug. 11, 2017) (quoting Fed. R. Civ. P. 12(f)). "'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Summerson v. James Drug Store of Martinsburg, Inc.*, Civil Action No. 3:20-cv-128, 2021 U.S. Dist. LEXIS 4945, at *3 (W.D. Pa. Jan. 11, 2021) (quoting *McInerney v. Moyer Lumber & Hardware*, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). That said, motions to strike under Rule 12(f) are "'generally disfavored,'" *id.* (quoting *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010)), and will usually be denied "'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Thomas E. Proctor*, 2017 U.S. Dist. LEXIS 128888, at *40 (quoting *River Rd. Dev. Corp. v. Carlson Corporation - Northeast*, No. 89-7037, 1990 U.S. Dist. LEXIS 6201, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

## III.    Discussion

Defendants first argue that Plaintiff's claims against Defendant Curt Peffer—Counts 1 through 3 in their entirety and Count 7 as it relates to Peffer—should be dismissed because Title VII does not permit claims against individual employees. ECF No. 12 at 6–7. The Court agrees. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996) (finding that "Congress did not intend to hold individual employees liable under Title VII"); *see also Rodman v. Select Specialty Hosp.*, Case No. 3:16-cv-246, 2017 U.S. Dist. LEXIS 154973, at *8 (W.D. Pa. Sept. 22, 2017) (dismissing claim against individual employee because "[i]ndividual employees cannot be held personally liable under Title VII."). Accordingly, Plaintiffs' claims

against Defendant Peffer—Counts 1 through 3 in their entirety and Count 7 & as against Peffer—will be dismissed with prejudice.

Next, Defendants mount various challenges to Plaintiffs' claims against Defendant YMCA of Greater Pittsburgh in Counts 4 through 6 of the Complaint.  In sum, Defendants argue that Plaintiffs have failed to plead a prima facie claim of discrimination or retaliation under Title VII against Defendant YMCA.  However, "a prima facie case is 'an evidentiary standard, not a pleading requirement'… and hence is 'not a proper measure of whether a complaint fails to state a claim.'" *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).  Accordingly, the notice pleading standard imposed by Federal Rule of Civil Procedure 8, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, only requires a plaintiff to "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connolly,* 809 F.3d at 789 (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss"); *see also Swierkiewicz*, 534 U.S. at 512–514 (2002) (reaffirming notice pleading standard in employment discrimination cases, such that plaintiff's complaint "need not establish a prima facie case in order to survive a motion to dismiss") (quoting *Connolly v. Gibson*, 355 U.S. 41, 47 (1957)); *Dreibelbis v. Cty. of Berks,* 438 F. Supp. 3d 304, 311 (E.D. Pa. 2020) (finding that "plaintiff need not allege a prima facie claim of Title VII employment discrimination in order to survive a motion to dismiss").

Here, Plaintiffs have alleged that they were subjected to racially bigoted and sexually explicit remarks from their supervisor—including a comment suggesting Defendant Peffer would not hire certain racial minorities, ECF No. 1 at ¶ 27.  After reporting Defendant Peffer's conduct,

Plaintiffs claim they were made to sign "Last Chance Agreements" or face termination. They further allege that Defendant YMCA took no action to discipline Peffer or curb his behavior. Indeed, Plaintiffs claim that Defendant Peffer's conduct grew worse after Plaintiffs signed the "Last Chance Agreements," to the point that they were forced to resign rather than endure further abuse. As such, the Court finds that the factual allegations in Plaintiffs' Complaint are sufficient to survive Defendants' Motion because the allegations "raise a reasonable expectation that discovery will uncover proof" that Plaintiffs suffered retaliation for reporting Defendant Peffer's conduct. *Connolly*, 809 F.3d at 789. Accordingly, Defendants' Motion, to the extent it seeks dismissal of Counts 4–6 of the Complaint, will be denied.

Next, Defendants' argue that Count 7 of the Complaint should be dismissed because (1) "it is impermissibly pled as a stand-alone claim for punitive damages" and (2) because the facts as alleged are not outrageous enough to support such relief. As to the seriousness of the allegations, the Court finds that Plaintiffs have satisfied notice pleading standards, and Count 7 will not be dismissed on that basis. However, Defendants' Motion with respect to Plaintiffs' claim for punitive damages will be granted to the extent that a claim for punitive damages is not an independent ground for relief; as such, to the extent Count VII is intended to notify the parties and the Court of Plaintiffs' intention to seek punitive damages, it is so noted and Plaintiffs' request for punitive damages is hereby preserved. *See Yarnall v. Phila. Sch. Dist.*, 57 F.Supp.3d 410, 437 (E.D. Pa. 2014).

Finally, Defendants request that certain allegations be stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f). Given the nature of the remaining claims— namely, that Plaintiffs suffered retaliation for reporting alleged discriminatory and abusive conduct by their supervisor—the Court is not persuaded that "'the allegations [to be stricken] have no

possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations [will] confuse the issues in the case.'" *Pennsylvania v. Thomas E. Proctor Heirs Trust*, Civil Action No. 1:12-CV-01567, 2017 U.S. Dist. LEXIS 128888, at *40 (quoting *River Rd. Dev. Corp. v. Carlson Corporation - Northeast*, No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990)).

### IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss and Motion to Strike is hereby GRANTED IN PART and DENIED IN PART as follows:

- Defendants' Motion is granted to the extent it seeks dismissal of Plaintiffs' claims against Defendant Curt Peffer;  accordingly, Counts 1 through 3 in their entirety, and Count 7 as against Defendant Peffer are hereby DISMISSED WITH PREJUDICE and Defendant Peffer is hereby terminated as a party to this action;

- Defendants' Motion is granted to the extent it seeks dismissal of Count 7 because punitive damages are not a stand-alone ground for relief;  however, Plaintiffs' stated intention to pursue punitive damages is hereby preserved;

- Defendants' Motion, to the extent it seeks dismissal of Plaintiffs' claims against Defendant YMCA in Counts 4–6 of the Complaint, is hereby DENIED WITHOUT PREJUDICE, pending discovery; and

- Defendants' Motion to Strike is hereby DENIED.

IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant YMCA of Greater Pittsburgh shall respond to Plaintiffs' Complaint on or before February 25, 2021.

DATED this 11th day of February, 2021.


                              BY THE COURT:


                              /s/ Christy Criswell Wiegand
                              CHRISTY CRISWELL WIEGAND
                              United States District Judge


cc (via ECF email notification):

All Counsel of Record